## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT V. WHELPDALE,
            Appellant,

            v.

DEPARTMENT OF JUSTICE,
            Agency.

DOCKET NUMBER
DA-0752-22-0063-I-1

DATE: April 4, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Robert V. Whelpdale</u>, Athens, Texas, pro se.

<u>Nathan Atkinson</u>, Kansas City, Kansas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of an allegedly involuntary reassignment that resulted in a reduction in pay and grade. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed as a GS-13 Facilities Manager for the Bureau of Prisons at the Federal Medical Center (FMC) in Fort Worth, Texas. Initial Appeal File (IAF), Tab 1 at 1, Tab 2 at 2, Tab 6 at 19. On October 19, 2021, at 9:00 a.m., the appellant attended a meeting with three agency officials, including the Regional Director, concerning the delay in the completion of a Mental Health Unit at FMC and deficiencies in the appellant's department at the FMC. IAF, Tab 1 at 5, Tab 6 at 10, Tab 14 at 6. The appellant informed the agency officials that the Mental Health Unit project experienced numerous problems, including lead-based paint abatement, failure to solicit architectural engineering firm services, partial approval and lack of updated blueprints, and staff shortages. IAF, Tab 1 at 5. At that point, according to the appellant, the Regional Director asked the other two agency officials to leave the room and told the appellant that he could retire, be reassigned, or he would "take a team to Fort Worth and find things to walk [the appellant] out." IAF, Tab 14 at 6. After the other two agency officials rejoined the meeting, the appellant requested to be reassigned to a Facilities Manager position in Grand Prairie, Texas, and an agency official responded that he could apply for the position and offered him reassignment to a General Foreman position in Seagoville, Texas. IAF, Tab 6 at 10-11, Tab 14 at 6. According to the appellant, he had until 4:00 p.m. that same day to submit his request for reassignment. IAF, Tab 14 at 6. Later that same day, the appellant requested to be reassigned to the General Foreman position in Seagoville, Texas, with "retention in order to match [his] current pay as a GS-13 step 6." IAF, Tab 6 at 24-25.

Two days later, on October 21, 2021, the appellant requested a lateral transfer to a vacant GS-13 Facilities Manager position in Grand Prairie, Texas. IAF, Tab 9 at 6. The Regional Director responded that he could apply for the position and that his request for reassignment as General Foreman in Seagoville,

Texas, had been approved. *Id.* at 7. The appellant was reassigned to the WS-14 position of General Foreman, effective November 21, 2021. IAF, Tab 6 at 19.

On November 20, 2021, the appellant filed a Board appeal challenging the reduction in pay or grade and alleging that his reassignment to the new position was involuntary. IAF, Tab 1 at 3, 5. In an order to show cause, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal, apprised him of his jurisdictional burden, and ordered him to submit evidence and argument on the jurisdictional issue. IAF, Tab 8. The appellant responded that, among other things, he was coerced into accepting the reassignment and that he should have been reassigned to the vacant Facilities Manager position in Grand Prairie, Texas, instead of the position he was offered. IAF, Tab 9 at 2, Tab 14 at 2-4.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID) at 1, 7. Specifically, the administrative judge found that the appellant failed to allege facts that could show that his reduction in grade and pay was involuntary because it was obtained through duress or coercion. ID at 6. In so finding, she noted that the appellant attested only generally that he felt intimidated and threatened and he believed he had to accept the reassignment due to his financial obligations to his family; however, the appellant initiated his reduction in grade when he accepted the reassignment that the agency offered. ID at 6. She further noted that, while the appellant was concerned that he could have been removed, the agency had not yet proposed any action; thus, the appellant could have remained in the Facilities Manager position and challenged any action he believed to be improper. ID at 6.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 3. He asserts that the administrative judge did not consider his allegations in his affidavit that the agency forced him to accept a reduction in pay and grade because the Regional Director threatened to remove

him and he was faced with the need to make an immediate decision as to whether to accept the reassignment or face removal; he argues that he is entitled to a hearing because there are disputed issues that need to be resolved. *Id.* at 6, 9-11. He further asserts that the agency did not have a legitimate basis to force him to accept a reduction in pay and grade, as demonstrated by his recent positive performance evaluations. *Id.* at 9. He claims that he was not responsible for the difficulties that arose during the Mental Health Unit project, as it was beset by issues beyond his control. *Id.* at 11-12. The agency has not filed a response.

## ANALYSIS

Although the Board generally does not have jurisdiction over reassignments, the Board has jurisdiction over agency actions that result in a reduction in grade or pay. *See McAlexander v. Department of Defense*, 105 M.S.P.R. 384, ¶ 7 (2007); *see also* 5 U.S.C. § 7512(3), (4). However, a reduction in grade or pay that an employee accepts voluntarily is not within the Board's jurisdiction. *See Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010). This appeal presents two issues, whether the appellant experienced a reduction in grade or pay and whether the action was involuntary. We will address the points in turn.

The appellant experienced a reduction in grade and pay.

As noted, the agency reassigned the appellant from a GS-13 position to a WG-14 position. IAF, Tab 6 at 19. When an employee is reassigned from a position under one pay system to a position with a lower rate of basic pay under a different pay system and given retained pay but not retained grade, he has suffered a reduction in pay. *McAlexander*, 105 M.S.P.R. 384, ¶ 7. Because the reassignment was between two pay systems, we must determine whether the appellant suffered a reduction in grade or pay.

Grade means "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3); 5 C.F.R. § 752.402. Pay means "the rate of

basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4); 5 C.F.R. § 752.402. This means "the rate of pay before any deductions and exclusive of additional pay of any kind," 5 C.F.R. § 752.402, but the "rate of pay" includes locality pay, *Zajac v. Department of Agriculture*, 112 M.S.P.R. 160, ¶ 5 (2009); 5 C.F.R. § 531.203.

Here, the agency reassigned the appellant from a GS-13 Facilities Manager position, with a rate of basic pay of $55.52 per hour, equivalent to $115,873 per year, to the WS-14 General Foreman position, with a rate of basic pay of $47.69 per hour, equivalent to $99,529 per year. IAF, Tab 6 at 19, 21-22. The reassignment resulted in a reduction in pay across or between position classification systems. *See Malan v. Department of the Air Force*, 55 M.S.P.R. 283, 290-91 (1992) (explaining that moving a wage grade employee to a general schedule position having a lower rate of pay is a reduction in pay); *cf. Arrington v. Department of the Navy,* 117 M.S.P.R. 301, ¶ 12 (2012) (finding that an appealable reduction in grade did not occur when an employee was converted from one pay system to another without a reduction in pay). Moreover, the agency characterized the action as a change to a lower grade and a reduction in pay. IAF, Tab 6 at 19, 21-22. Before the Board, the agency does not contest that characterization. Thus, we find that the appellant suffered an appealable reduction in grade and pay.[2]

## The appellant nonfrivolously alleged that his reduction in grade and pay were involuntary.

If an appellant makes a nonfrivolous allegation casting doubt on the voluntariness of his acceptance of a reduction in grade or pay, he is entitled to a

---

[2] The agency noted, during the October 19, 2021 meeting, that the appellant was offered a retention incentive, i.e., the agency would match his then-current pay for one year. IAF, Tab 6 at 11. It is not clear if the appellant received this incentive. However, a retention incentive is considered a bonus and is not part of the basic pay of an employee for any purpose. 5 U.S.C. § 5754(e)(3); 5 C.F.R. §§ 575.309(h), 575.311(g); *see Riojas v. U.S. Postal Service,* 88 M.S.P.R. 230, ¶ 7 (2001) (stating that a bonus is not part of basic pay).

hearing at which he must prove jurisdiction by a preponderance of the evidence. *Harris*, 114 M.S.P.R. 239, ¶ 9. To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction. *Id.* Merely pro forma allegations are insufficient to meet the standard, however. *Id.* In determining whether the appellant has made such a nonfrivolous allegation, the administrative judge may consider the agency's documentary submissions. *Id.* However, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id.*; *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

An appellant may establish that his acceptance of a reduction in grade or pay was involuntary, and thus within the Board's jurisdiction, by presenting sufficient evidence that it was the result of duress or coercion brought on by the agency, or his reasonable reliance on misleading statements by the agency. *Harris*, 114 M.S.P.R. 239, ¶ 8. The fact that an employee faces a choice between two unpleasant options does not render his acceptance of the agency's proposal involuntary. *Id.* However, if the appellant can establish that he accepted a reduction in pay or grade to avoid a threatened removal, and if he can further show that the agency knew or should have known that the action could not be substantiated, then the decision to accept the reduction in grade or pay may be considered coerced and therefore involuntary. *Id.*

Here, the appellant submitted an affidavit in which he alleged that his reassignment was involuntary based on coercion. IAF, Tab 14 at 6. He reiterates on review that he was under significant duress and pressure given the limited time he had to make a decision and his financial obligations to his family. PFR File, Tab 3 at 12; IAF, Tab 14 at 16. He argues that he only accepted the reassignment because the Regional Director made an "unsubstantiated threat" to remove him. PFR File, Tab 3 at 12. As stated previously, according to the appellant, the

Regional Director told him in the October 19, 2021 meeting that he would "take a team to Fort Worth and find things to walk [the appellant] out" unless the appellant retired or accepted a reassignment.[3]  PFR File, Tab 3 at 11; IAF, Tab 14 at 6.  The appellant also disputes on review the agency's allegations that he experienced performance problems as a Facilities Manager and observes that he had an above-average performance record.  PFR File, Tab 3 at 9.  The record reflects that the appellant received performance ratings of excellent or outstanding for the 2018, 2019, and 2020 rating periods.  IAF, Tab 14 at 24, 33, 44.  Notably, the appellant's performance evaluations do not contain any discussion of his deficiencies in managing and completion of the Mental Health Unit project.  IAF, Tab 14 at 24-52.  Although the appellant acknowledges that there were multiple problems that arose during the Mental Health Unit project, he attributes them to issues beyond his control.  PFR File, Tab 3 at 11-12; IAF, Tab 1 at 5.  He suggests that he was not provided adequate time to address those problems because the events of this appeal took place before the project's 3-year deadline.  PFR File, Tab 3 at 12; IAF, Tab 1 at 5.  We find that the appellant's statements and supporting submissions are sufficient to constitute a nonfrivolous allegation that the agency did not have legitimate reasons for the threatened removal.

In finding that the appellant failed to nonfrivolously allege that his reduction in grade or pay was involuntary, the administrative judge correctly noted that the agency had not yet proposed an adverse action and he had the option to remain in the Facilities Manager position and to challenge any agency action he believed to be improper.  ID at 6.  We clarify, however, that the

---

[3] The appellant observed that the Regional Human Resource (HR) Administrator and the Acting Deputy Regional Director, who were also present during the meeting, were asked to leave the room before the Regional Director made this statement.  IAF, Tab 14 at 6.  On this point, the Regional HR Administrator's contemporaneous handwritten notes documenting the October 19, 2021 meeting are consistent with the appellant's allegations.  She noted that the appellant had a one-on-one discussion with the Regional Director in which the appellant had been offered "some outs."  IAF, Tab 6 at 15.

appellant need only allege that he accepted a reduction in grade or pay to avoid a threatened removal—an action need not have been proposed.[4]  *Harris*, 114 M.S.P.R. 239, ¶ 8.

As noted above, the appellant alleged that the Regional Director informed him during a meeting that, if he did not accept a reassignment, he must retire or face removal and imposed a short timeframe for making a decision, which caused him to accept a reassignment.[5]  IAF, Tab 14 at 6.  The Board has found that such circumstances are sufficient to show that an employee's decision was involuntary. *See*, *e.g.*, *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶¶ 3, 17 (2007) (finding that the appellant made a nonfrivolous allegation that his retirement was involuntary when he alleged that he retired because of a threatened removal); *Huyler v. Department of the Army*, 101 M.S.P.R. 570, ¶¶ 2, 7 (2006) (finding that the appellant made a nonfrivolous allegation that his reduction in grade was involuntary when he alleged that he accepted the reduction in grade because of a threatened removal).

Accordingly, we find that the appellant has alleged facts which, if proven, could establish that he accepted a reduction in grade or pay under the threat of a removal action that the agency knew or should have known could not be substantiated.  Because the appellant has made a nonfrivolous allegation that his reduction in grade or pay was involuntary, he is entitled to a hearing on the issue of jurisdiction.  *Harris*, 114 M.S.P.R. 239, ¶ 11; *Goldberg*, 97 M.S.P.R. 441, ¶¶ 9-10.

---

[4] The Regional Director's statement that he would "find things to walk [the appellant] out" could reasonably be interpreted as suggesting that the Regional Director would base an action on minor or trivial issues and that he would take the action without providing the appellant advanced notice and an opportunity to respond to a proposed removal.

[5] The Regional HR Administrator did not reference a possible removal as one of the options presented to the appellant.  However, it appears that she was not present in the room at the time the Regional Director made the alleged threat.  PFR File, Tab 3 at 11; IAF, Tab 14 at 6.  In the absence of a hearing, the administrative judge may not accept the agency's assertions as dispositive.  *See Ferdon,* 60 M.S.P.R. at 329.

**ORDER**

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.